# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ONE PERSON UNDER RULE 41 | )<br>)<br>)  Case No. 23-sw-286<br>)<br>)<br>) |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

located in the    Jurisdiction of the    District of    Columbia    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 841(a)(1), | Possession with Intent to Distribute Fentanyl and Cocaine, Unlawful Possession of |
| 18 U.S.C. § 922(g)(1), | Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term |
| 22 D.C. Code §§ 4503(a)(1), (b)(1); | Exceeding One Year; Unlawful Possession of a Firearm – Prior Conviction (Crime of |
| 18 U.S.C. § 924(c) | Violence); Possession of a Firearm in Furtherance of Drug Trafficking |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant, which is incorporated herein.

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Julian Herman, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
    telephone    *(specify reliable electronic means)*.

Date:    08/29/2023   

*Judge's signature*

City and state:   Washington, D.C.    Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means      ❏ Original      ❏ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ONE PERSON UNDER RULE 41 | )<br>)<br>) Case No. 23-sw-286<br>)<br>)<br>) |

**WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Jurisdiction of the__ District of __Columbia__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before __September 12, 2023__    *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ❏ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Zia M. Faruqui__ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❏ for ___ days *(not to exceed 30)*    ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: 08/29/2023
_____
*Judge's signature*

City and state:     Washington, D.C.            Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>23-sw-286 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |
| **Certification** | | |

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF PERSON TO BE SEARCHED (Ahmad ROBERTSON aka Ahmad ROBERTSON-BEY)

Ahmad **ROBERTSON** is a black male, born December 17, 1990, approximately 6'0" tall, 200 pounds, with Social Security Number XXX-XX-7213 and FBI number 955533VC4.



1

## ATTACHMENT B

## DNA EVIDENCE TO BE SEIZED

The DNA to be seized constitutes fruits, evidence, information, contraband, or instrumentalities, in whatever from and however stored, relating to violations of 18 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Fentanyl and Cocaine), 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year), 22 D.C. Code §§ 4503(a)(1), (b)(1) (Unlawful Possession of a Firearm – Prior Conviction (Crime of Violence)); and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of Drug Trafficking).

The DNA to be seized will be contained within a saliva sample taken from the defendant, through the use of a buccal swab.

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
ONE PERSON UNDER RULE 41

SW No. 23-sw-286

**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT**

I, Julian Herman, a Special Agent of the Department of Homeland Security, Homeland Security Investigations (HSI), being duly sworn, declare and state:

**INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search Ahmad ROBERTSON aka Ahmad ROBERTSON-BEY (hereinafter "**ROBERTSON**"), for the purpose of obtaining saliva samples to compare **ROBERTSON's** DNA with swabs of potential DNA taken from several seized firearms and firearms-related evidence (to include magazines and ammunition).

2. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7). As such, I am empowered to conduct investigations of, and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am cross-designated and have the authority to conduct narcotics trafficking investigations and enforcement activities pursuant to Title 21 of the United States Code.

3. I am a Special Agent with HSI and have been so employed since December of 2019. I have attended and graduated the Federal Law Enforcement Training Centers' (FLETC) Criminal

Investigator Training Program (CITP), as well as the HSI Special Agent Training (HSISAT) academy. I am currently assigned to the Washington/Baltimore High Intensity Drug Trafficking Area (HIDTA) group, where my duties and responsibilities include the investigation of federal narcotics offenses. Based on my training and experience, I am familiar with the conduct of narcotics investigations, recognition of controlled substances, and the measures taken by criminal groups to conceal, smuggle, transport, and distribute such controlled substances. In my experience investigating narcotics offenses, I have employed and am familiar with investigative techniques including but not limited to, the execution of search warrants; analysis of cell-site locational data; physical surveillance; the use of cooperating sources; use of pen registers and trap and trace devices; the use of a Title III intercept for wire, oral, and electronic communications; mail covers; forensic examination of digital media and electronic devices; telephone call detail record analysis; examination and recognition of travel patterns consistent with drug trafficking; and the analysis of financial documents for indicators of narcotics-related money laundering. I have served as the affiant and case agent for a Title III wiretap investigation and have served as the case agent on investigations resulting in the seizure of multi-kilogram quantities of narcotics, firearms, bulk currency, and other contraband and proceeds of drug trafficking. Based on my training and experience, I am familiar with the methodology employed by drug traffickers and drug trafficking organization to operate their illegal networks.

4. The basis of my opinions and conclusions, which I drew from the facts set forth herein, are established as a result of my training and experience, and my conversations with other federal agents and local law enforcement officers familiar with narcotics smuggling. The dates and times outlined below are approximate.

5. Except as otherwise noted, information set forth in this affidavit has either been

observed or provided to me by HSI special agents or other multi-agency federal, state, and local officers with whom I have spoken, who were involved in this investigation, or whose reports I have read and reviewed. Likewise, information resulting from surveillance, except where otherwise indicated, does not necessarily set forth my own observations but rather has been provided directly or indirectly by other law enforcement officers who conducted such surveillance.

6. Because this affidavit is being submitted for the limited purpose of seeking the search warrants specified below, I have not set forth every fact learned during the course of this investigation. Rather, I have set forth only the facts that I believe are necessary to establish the legal foundation for an order authorizing the requested warrant.

## **PROBABLE CAUSE**

8. On June 1, 2023, law enforcement officers from the U.S. Marshals Capitol Area Regional Fugitive Task Force (CARFTF), Homeland Security Investigations (HSI), the Washington D.C. Metropolitan Police Department (MPD), and other law enforcement agencies participated in the service of an extraditable Maryland state arrest warrant on **ROBERTSON**. Additionally, law enforcement executed a search warrant issued by the U.S. District Court for the District of Columbia on **ROBERTSON's** residence, 111 Xenia Street Southeast, Washington D.C. 20032 ("TARGET PREMISES") as well as **ROBERTSON's** vehicle, a 2000 Volvo S40 Sedan bearing Virginia license plate number TSM-1142 ("TARGET VEHICLE").

9. At approximately 6:00am, law enforcement announced their presence outside the TARGET PREMISES via loudspeaker and ordered all occupants to exit the residence. An adult female later identified as A.R. came to the door but refused to fully exit as ordered and proceeded to communicate with the occupants inside the residence, at several points yelling for "*Ahmad*"

(ROBERTSON) to come out. For the next several minutes, the occupants of the house refused to exit and law enforcement on the perimeter observed continual movement through the windows in the rear of the house, indicative of occupants moving back and forth within the TARGET PREMISES. Beginning at 6:05 AM and continuing until approximately 6:13am, the residents of the TARGET PREMISES exited, with **ROBERTSON** ultimately walking out at approximately 6:15am. Your affiant conducted a search incident to arrest of **ROBERTSON's** person and asked **ROBERTSON** if he had anything in his pockets, in which **ROBERTSON** stated he did. Your affiant found a set of keys and asked **ROBERTSON** if they were house keys or car keys, to which **ROBERTSON** replied, "*I don't own a car*." Additionally, your affiant found two baggies of white powder (one each in **ROBERTSON's** right side and left side pants pockets) which later field tested presumptive positive for cocaine, with an approximate gross weight of eight grams each (16 grams total). Based on your affiant's training and experience, your affiant knows that this amount is more consistent with distribution, as opposed to personal use, given that cocaine powder is typically purchased by the gram.

10. During a search of the TARGET VEHICLE, investigators discovered an AR-style pistol ("FIREARM 1") inside of a red and black duffle bag located in the trunk. FIREARM 1 had the selector switch set to "semi" (a mode synonymous with "fire" which means the weapon is in "semi-automatic" mode and capable of immediately expelling ammunition when the trigger is pulled) and was loaded with a 30-round capacity magazine, filled with 28 rounds of 5.56 mm ammunition plus one in the chamber of the weapon, for a total of 29 rounds. FIREARM 1 was a "ghost gun", that is, a firearm with no identifiable serial number and a seal identifying the manufacturer as "EP Armory." Open-source research indicates that EP Armory is a company based in Texas that manufactures and

sells firearms components and advertises itself as "*The 80 Percent Specialist for Home Made Firearms.*" The TARGET VEHICLE was registered in **ROBERTSON's** name with a registration address of the TARGET PREMISES, and law enforcement has observed **ROBERTSON** drive and conduct suspected narcotics sales out of the TARGET VEHICLE on numerous occasions within the past several weeks. Specifically, law enforcement surveillance observed **ROBERTSON** open and peer into the trunk of the TARGET VEHICLE on May 31, 2023 on multiple occasions at a neighborhood close to the TARGET PREMISES, to include: 5:07pm, 5:54pm, and 6:10pm. On one occasion at approximately 6:11pm on May 31, 2023, law enforcement surveillance observed **ROBERTSON** move almost directly from peering into the open trunk of the TARGET VEHICLE, to conducting a suspected hand to hand narcotics sale. Law enforcement additionally found a digital scale and a cell phone within the TARGET VEHICLE.

11. During the search of the TARGET PREMISES, law enforcement identified a bedroom believed to be **ROBERTSON's** based in part on the following indicia of occupancy located within the bedroom (hereinafter "ROOM 1"):

- A D.C. Department of Corrections (DOC) reentry identification card bearing **ROBERTSON's** name, picture, and identifiers.

- Prescription medications bearing **ROBERTSON's** name, to include Narcan nasal spray.

- The registration for the TARGET VEHICLE bearing **ROBERTSON's** name and the address for the TARGET PREMISES, located under the mattress.

- The title of the TARGET VEHICLE, bearing **ROBERTSON's** name and the address for the TARGET PREMISES.

- Various pieces of court paperwork bearing **ROBERTSON's** name and identifiers, to

7

include sentencing paperwork from the Superior Court of the District of Columbia related a 2007 charge for Robbery While Armed / case number 2008 CF3 4176. The document stated that **ROBERTSON** pled guilty to the charge and was sentenced to a term of 60 months in jail, followed by five years of supervised release.

• Various pieces of mail addressed to **ROBERTSON**.

• Photographs of **ROBERTSON** and a small child.

• Numerous handwritten letters and greeting cards addressed to **ROBERTSON**, as well as a poem related to **ROBERTSON's** apparent experiences while previously incarcerated, listed as "By Ahmad Robertson".

12. Within ROOM 1, law enforcement found the following items indicative of narcotics distribution and firearms offenses, to include:

• Two extended magazines capable of holding 9mm ammunition, one of which bore a Glock symbol and had a 22-round capacity.

• Two additional magazines bearing the Glock symbol, to include one capable of holding 15 rounds of .40 caliber ammunition and one capable of holding 17 rounds of 9mm ammunition.

• Approximately 19 rounds of "X-Tac" brand 5.56mm ammunition (rifle ammunition/ammunition compatible with FIREARM 1), 53 rounds of combined "Federal" and "Fort Scott Munitions" brand 9mm ammunition, 58 rounds of "PMC Bronze" brand .45 caliber ammunition, and 143 rounds of combined "PMC Bronze", "Blazer", "Speer", and "Remington" brand .40 caliber ammunition.

• A ballistic vest.

- Numerous (estimated to be dozens of) small empty plastic baggies, or "zips", indicative of narcotics distribution.

- Three digital scales.

- Two small baggies of a white powdery substance which later field tested presumptive positive for fentanyl with the use of a Pendar Handheld Raman Spectrometer and a BTNX fentanyl forensic test kit, one of which weighed one gram and one of which weighed two grams (approximate gross weight). The fentanyl was packaged in the same type of "zips" as described above and based in part on the presence of the digital scales and empty zips located nearby in the same room, were consistent with narcotics pre-packaged for distribution.

13. Investigators also found a blue gym bag within the TARGET PREMISES living room several feet away from the doorway to ROOM 1. Inside the gym bag investigators discovered a blender which contained a white powdery residue that field tested presumptive positive for fentanyl with the use of a Pendar Handheld Raman Spectrometer and a BTNX fentanyl test strip amino acid kit. Within the same bag investigators also found the substance "Manitol", a common cutting agent used for fentanyl distribution, as well as numerous empty plastic zips. In close proximity to where the blue gym bag was found, investigators also discovered a bundle of United States currency, totaling approximately $1,331.00.

14. Additionally, in the basement, where at least some of the occupants appeared to sleep, investigators found two firearms and assorted magazines and ammunition. The firearms evidence was located inside of a brown bag found concealed in the rafters of the laundry room. One of the firearms was an Anderson Manufacturing-brand AR-style rifle pistol ("FIREARM 2")

bearing serial number 18172603, and the other was a Glock 22 .40 pistol ("FIREARM 3") bearing serial number BYM174 on the slide. FIREARM 2 was unloaded at the time of discovery but was co-located inside the bag with four magazines and a total of 36 rounds of 5.56 ammunition. FIREARM 3 was loaded at the time of discovery with an extended magazine and 21 rounds of .40 ammunition.

15. FIREARMS 1, 2, and 3 have been swabbed for potential DNA evidence.

16. On June 29, 2023 a Federal Grand Jury in the District of Columbia returned an indictment against ROBERTSON, charging him with 18 U.S.C. § 841(a)(1) (Possession with Intent to Distribute Fentanyl and Cocaine), 18 U.S.C. § 922(g)(1) (Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year), 22 D.C. Code §§ 4503(a)(1), (b)(1) (Unlawful Possession of a Firearm – Prior Conviction (Crime of Violence)); and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of Drug Trafficking).  Probable cause therefore exists to believe that the ROBERTSON has committed crimes for which he has been indicted.

17. **ROBERTSON** was arrested on June 1, 2023, and, after being temporarily held in Maryland on a fugitive warrant, was brought to D.C. on June 30, 2023.

18. **ROBERTSON** is currently detained within the District of Columbia.

19. Your affiant knows **ROBERTSON** to have a prior conviction punishable by a term of more than one year, that is, in Case No. 2008 CF3 4176 in D.C. Superior Court in 2008.

20. There is probable cause to search **ROBERTSON** for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.

## CONCLUSION

21. Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearms recovered in this residence were possessed by **ROBERTSON**. The affiant therefore believes there is probable cause to obtain a buccal swab from **ROBERTSON** to compare the DNA collected from the firearms recovered on June 1, 2023, to **ROBERTSON's** DNA.

22. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Julian Herman
Special Agent
Homeland Security Investigations

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 29, 2023.

_____
HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE